ATTACHMENT 1

Correctional Officer J.S. Horne in his individual and official capacity; Correctional Officer Unidentified Rollings in his individual and official capacity; the Private Prison Managment Corporation that Operates Wallens Ridge State Prison in its individual and official capacity; and the Town of Big Stone Gap Virginia Warden's Office in its individual and official capacity.

## SUPPORTING FACTS

1. On May 20, 2014, Horne failed to give a verbal warning before he deployed his Doc dog "Omen" 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, to maul and disfigure Adams on "C" wreck yard of Wallens Ridge State Prison.

2. According to Horne disciplinary offense report he wrote Adams on May 20, 2014, for a Rule 134 violation Horne specifically said "I gave several commands for the two inmates to stop fighting and lay on the ground."

3. According to Horne disciplinary offense report he wrote Adams on May 20, 2014, for a Rule 105 violation Horne specifically said "I gave several commands for the two inmates to stop fighting and lay on the ground."

4. According to Horne testimony during the disciplinary hearing on June 3, 2014, for the Rule 134 violation Horne specifically said "he went to the area and gave the offenders several direct orders to stop fighting and lie on the ground."

5. Prior to Horne release of his dog Adams never heard Horne give a verbal warning for him to get on the ground and stop fighting.

6. To the contrary Horne never wrote Adams an infraction for Disobeying an order in violation of Rule 201, on May 20, 2014, for Adams supposedly disregarding Horne giving him several orders to stop fighting and lay on the ground

7. According to Horne willful actions he did give the necessary command "triggering" his dog to bite anyone he directed the dog to target.

8. As a result of the attack, Adams sustained a dog bite to his left and right underarm, and abrasions to his left and right knee, his left elbow, and to the right side of his buttocks.

9. In addition, to the physical injuries, Adams contiues to have psychological effects from the incident, including difficulty sleeping, nightmares, and severe panic attacks.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

DOMINIQUE HERMAN ADAMS          |   Civil Action No.
　　　　Petitioner,                |

                                  |
VS.                               |
                                  |
Correctional Officer J.S. Horne   |
Private Prison Managment Corporation |
that Operates Wallens Ridge State Prison |
and the Town of Big Stone Gap VA  |
Warden's office                   |
　　　　Respondent(s).              |

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS § 1983 COMPLAINT

Plaintiff Dominique H. Adams, respectfully Submits this
Brief in Support of his 1983 Complaint.

## PRELIMINARY STATEMENT

On May 20, 2014, J.S. Horne a Corrections Officer
at Wallens Ridge State Prison used his assigned
DOC dog "Omen" to maul and disfigure
Dominique Adams without Horne giving a
verbal warning before he deployed his dog to

attack Adams on "c" wreck yard of the prison. Adams brings this lawsuit under 42 U.S.C. § 1983 against Horne for his malicious and sadistic use of excessive force and against the Private Prison Managment Corporation that operates Wallens Ridge State Prison and the Town of Big Stone Gap VA Warden's Office for failing to adequately train and supervise Horne in the proper use of his DOC dog.

## ARGUMENT

1. Fourth Circuit precedent existing in 1995 clearly established that failure to give a warning before releasing a police dog is objectively unreasonable in an excessive force context. See Kopf, 942 F. 2d at 266, 268; compare Robinette v. Barnes, 854 F. 2d 909, 911 (6th Cir. 1988) (holding fatal attack on suspect by police dog objectively reasonable because of undisputed testimony that police shouted three warnings before releasing dog). Kopf held that the improper deployment of a police dog that mauls the target constitutes excessive force.

B. Kopf v. Wing

Kopf, supra, 942 F. 2d 265 (4th Cir. 1991)

In Kopf the police (including, coincidentally, a Prince George's County canine officer) were searching for two fleeing suspects, including the plaintiff, in a narrow passage behind a shed in the backyard of a house. The police claimed to have given a loud warning[1] that they were about to send the dog into the passageway, but neither the plaintiff nor nearby civilian witnesses heard any warning. The police released the dog, which bit the concerned suspects several times even after they attempted to surrender. The court held these facts, viewed in light most favorable to plaintiff, supported a § 1983 excessive force claim.

CONCLUSION.

_____

[1] A K-9 warning is a "loud verbal "announcment made prior to release of the dog, which allows "innocent persons to exit the area and affords suspects an opportunity to surrender." VathenKan v. Prince George's County, 154 F. 3d 173, 176 (4th Cir. 1998).

PAGE 3 OF 4

For the foregoing reason, Plaintiff § 1983 should be granted.

Dated: April 9, 2015

Respectfully submitted,

By: Dominique Herman Adams # 1025606
     Wallens Ridge State Prison
     P.O. BOX 759
     Big Stone Gap VA 24219

CLAIM #1: Horne maliciously mauled and disfigured Adams with his DOC dog without him giving a verbal warning before he deployed the dog to attack Adams constituted cruel and unusual punishment in violation of the Eight Amendment [SEE CITATION (1) FOR SUPPORTING FACTS AND CITATION (1-A) FOR BRIEF]

CLAIM # 2: The prison managment corporation and the Town Warden's Office has maintained a policy or custom of failing to adequately train and supervise Horne in the proper use of his DOC dog that constituted cruel and unusual punishment in violation of the Eight Amendment.

CLAIM #3: Rollings maliciously OC Pepper sprayed Adams after he was subdued and unprovoken constituted cruel and unusual punishment in violation of the Eight Amendment. [SEE CITATION (2) FOR SUPPORTING FACTS AND CITATION (2-A) FOR BRIEF].

## SUPPORTING FACTS

1. On May 20, 2014, Rollings failed to write an incident report that he OC Pepper sprayed Adams after he was subdued and unprovoken on "C" wreck yard of Wallens Ridge State Prison.

2. According to Correctional Officer C.L. Stacy disciplinary offense report he wrote Adams on May 20, 2014, for the Rule 218 violation, including the disciplinary offense reports that Horne wrote Adams on May 20, 2014, for a Rule 105 violation and a Rule 134 violation, neither of the aboved reports mentions anything referring to OC Pepper spray being utilized during the incident on May 20, 2014.

3. On July 10, 2014, due to the lack of an incident report being written that he was OC Pepper sprayed on May 20, 2014, as he layed with his chest flat on the ground and not resisting Adams submitted an informal complaint to Major Unidentified Anderson that said Rollings on May 20, 2014, OC Pepper sprayed him while he was already on the ground and not resisting after an altercation incident.

4. Lieutenant K.M. Fleming who is a Wallens Ridge State Prison Institutional Investigator on July

18, 2014, responded to Adams complaint and said "Oc Pepper Spray was utilized in this incident to compel the offenders to comply with direct orders to stop fighting."

5. By contrast, Fleming response is contradicted by Horne disciplinary offense report that he wrote Adams for a Rule 105 violation where Horne stated "While trying to bring the offender under control I placed him on the ground. I continued to give the offender orders to stop resisting. I continued to give orders to the offender to stop fighting. After several orders the inmate complied and stopped resisting. The inmate was then restrained at this time End of Report," and the disciplinary offense report Horne wrote Adams for a Rule 134 violation, where Horne stated "The offender was placed on the ground so that he could be Kept under control. The offender was given several orders to stop fighting he then complied and was restrained End of Report." including what Horne said during the disciplinary hearing on June 3, 2014, for the Rule 134, violation, where he stated "The R/O said that he placed offender Adams on the ground. The R/O said that offender Adams finally complied with orders to stop fighting and he gave the order for K-9 Omen to

disengage. C/O Horne said he and the dog backed up to a safe distance while responding officers placed Offender Adams in restraints.

6. The aboved incident reports establishes that Horne subdued Adams with his Doc dog "Omen" resulting in a dog bite to Adams left and right underarm, abrasions to his left and right knee, his left elbow. and to the right side of his buttocks and after Horne placed Adams on the ground Adams then complied with Horne's orders and Horne gave the order for the dog to disengage its bite from Adams and he layed on the ground unprovoken as Horne states above.

7. Fleming July 18, 2014, response to Adams informal complaint indicating "OC Pepper spray was utilized in this incident to compel the offenders to comply with direct orders to stop fighting," is false because suppose Adams was OC Pepper sprayed by Rollings before Horne released his dog to bite Adams on May 20, 2014, there's no way that the dog would have attempted to bit or bitten Adams after OC Pepper spray was on his person/clothing even if Horne did give the necessary command for the dog to target Adams and nor would have Horne ever touched Adams.

PAGE 3 OF 4

8. The effects of OC Pepper spray include (1) dilation of the capillarie and instant closing of the eyes through swelling of the eyelids, (2) immediate respiratory inflamation including uncontrollable coughing, retching, shortness, of breath and gasping for air with a gagging sensation in the throat, and (3) immediate burning sensation to the mucus membranes, skin and inside the nose and mouth. Adams suffered each of these effects.

9. In addition, to the physical injuries Adams continues to have psychological effects from the incident including difficulty sleeping, nightmares, and severe panic attacks.

PAGE 4 OF 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA


DOMINIQUE HERMAN ADAMS            | Civil Action No.
        Petitioner,              |
                                 |
                                 |
VS.                              |
                                 |
                                 |
Correctional Officer Unidentified |
Rollings, Private Prison Managment |
Corporation, that Operates Wallens |
Ridge State Prison, and the Town |
of Big Stone Gap VA Warden's Office |
        Respondent(s).           |

PLAINTIFF'S BRIEF IN SUPPORT OF HIS § 1983 COMPLAINT

Plaintiff Dominique H. Adams, respectfully submits this Brief in support of his 1983 complaint.

PRELIMINARY STATEMENT

On May 20, 2014, Unidentified Rollings a Correctional Officer at Wallens Ridge State Prison OC Pepper Sprayed Dominique Adams after he was subdued and unprovoken on "C" wreck yard of the prison. Adams brings this lawsuit under 42 U.S.C. § 1983 against Rollings for his malicious and sadistic use of excessive force and against the Private Prison

Managment Corporation that Operates Wallens Ridge State Prison and the Town of Big Stone Gap VA Warden's Office for failing to adequately train and supervise Rollings in the proper use of his OC Pepper spray.

## ARGUMENT

A. The Fourth, Sixth, and Ninth Circuits have consistently concluded that using pepper spray is excessive force in case where the crime is minor infraction the arrestee surrenders, is secured, and is not acting violently, and there is no threat to the officers or anyone else.[1]

B. Park v. Shiflett,

Park, supra, 250 F. 3d 843, **852-53** (4th Cir. 2001)

In Park, plaintiffs entered a store that was

---

[1] See, e.g., Park v. Shiflett, 250 F. 3d 843, 852-53 (4th Cir. 2001); Adams v. Metiva, 31 F. 3d 375, 386 (6th Cir. 1994); LaLonde v. County of Riverside, 204 F. 3d 947, 961 (9th Cir. 2000); Headwaters.

PAGE 2 OF 4

unlocked, then called 911 when they realized it was closed. They waited at the store for defendant Officers to arrive. After taking plaintiff's statements, defendants entered the store, where nothing appeared missing. Plaintiff husband was thrown up against a wall, handcuffed, and put in the back of a police car when he tried to leave to go to turn off the stove at his residence. Plaintiff wife, on the phone with 911 to have the fire department turn off the stove, was handcuffed and sprayed twice in the eyes with Oleoresin Capsicum from close range when she approached defendants and her husband. The court held these facts, viewed in light most favorable to the plaintiff, supported a § 1983 excessive force claim.

CONCLUSION.

_____

Forest Defense v. County of Humboldt, 276 F. 3d 1125, 1129-30 (9th Cir. 2000), cert. denied sub nom. County of Humboldt v. Burton, 154 L. Ed. 2d 394, 123 S. Ct. 513, 70 USLW 3817 (U.S. Nov. 4, 2002) (No. 01-1744).

For the foregoing reason, Plaintiff § 1983 should be granted

Dated: April 9, 2015

Respectfully submitted,

By: Dominique Herman Adams #1025606
Wallens Ridge State Prison
P.O. BOX 759
Big Stone Gap VA 24219

PAGE 4 OF 4

## state what relief you seek from the court

Wherefore, Adams prays for judgment in his favor and damages in his ~~favor~~ against all defendants and it ~~would state~~ in support as follows:

1. Adams seeks compensatory damages in an amount of $400,000, against all defendants and the particulars of those damages are as follows:

a) Medical expenses
As a result of this incident Adams out of pocket medical bills totaled $0. Adams is insured by the commonwealth of Virginia because he is a state prisoner.

b) Lost earnings
N/A

c) Pain and suffering
As a result from this incident Adams suffers from a dog bite to his left and right underarm, abrasions to his left and right knee, his left elbow, and to the right side of his buttocks.

d) Mental anguish

PAGE 1 OF 5

As a result of this incident Adams has difficulty sleeping, nightmares, and severe panic attacks.

e) Permanent disability

As a result of this incident Adams continues to (1) suffer from chornic pain from the dog bites to his left and right underarm (2) have irritation in the lateral side of his right eye, and (3) have psychological effects from the incident including difficulty sleeping, nightmares, and severe panic attacks.

2. Adams seeks punitive damages against Horne in an amount of $300,000, for his willful and malicious conduct for improperly deploying a Doc dog to maul and disfigure Adams without Horne giving a verbal warning before he released the dog to attack Adams.

3. Adams seeks punitive damages against Rollings in an amount of $300,000, for his willful and malicious conduct for OC Pepper spraying Adams after he was subdued and unprovoken.

PAGE 2 OF 5

4. Adams seeks an injunction ordering the arrest and prosecution of Horne for the improper deployment of his DOC dog to maul and disfigure Adams without Horne giving a verbal warning prior to the release of his dog to attack Adams.

5. Adams seeks an injunction ordering the arrest and prosecution of Rollings for OC Pepper spraying Adams after he was subdued and unprovoken.

6. Adams seeks an injunction ordering the expungment of his institutional record for the Rule 105 and Rule 134 violation Horne wrote him on May 20, 2014, for Horne improper deployment of his DOC dog to maul and disfigure Adams without Horne giving a verbal warning prior to the release of the dog to attack Adams.

7. Adams seeks an injunction ordering the restoration of his state good time credits of 120 days for the Rule 105 violation Horne wrote him on May 20, 2014, for Horne improper deployment of his DOC dog to maul and disfigure

Adams without Horne giving a verbal warning prior to the release of the dog to attack Adams.

8. Adams seeks an injunction ordering the restoration of his state good time credits of 90 days for the Rule 134 violation Horne wrote him on May 20, 2014, for Horne improper deployment of his DOC dog to maul and disfigure Adams without Horne giving a verbal warning prior to the release of the dog to attack Adams.

9. Adams seeks an injunction ordering the $380.00. restitution for the Rule 134 violation Horne wrote him on May 20, 2014, to be vacated for Horne improper deployment of his DOC dog to maul and disfigure Adams without Horne giving a verbal warning prior to the release of the dog to attack Adams.

10. Adams seeks an injunction ordering the reimbursment of $5.43. already paid to the $3.80.00. restitution for the Rule

134 violation Horne wrote him on May 20, 2014, be refund back to his inmate account for Horne improper deployment of his DOC dog to maul and disfigure Adams without Horne giving a verbal warning prior to the release of the dog to attack Adams.