CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 25 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DOMINIQUE HERMAN ADAMS, | ) | CASE NO. 7:15CV00168 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| J. S. HORNE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Dominique Herman Adams, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Adams alleges that on May 20, 2014, two defendant correctional officers at Wallens Ridge State Prison used excessive force against him by allowing an attack dog to "maul and disfigure" him without warning and by spraying pepper spray on him without cause. The complaint has been served on these two officers.

Service has not been accomplished, however, on the two other defendants Adams named in the complaint: (1) "Private Prison Manag[e]ment Corporation that operates Wallens Ridge State Prison" and (2) "the Town of Big Stone Gap, VA Warden's Office." (Compl. 1, ECF No. 1-1.) In his complaint, Adams alleges vaguely that these entities should be held liable under § 1983 because they "maintained a policy or custom of failing to adequately train and supervise Horne in the proper use of his DOC dog that constituted cruel and unusual punishment." (Compl. 8.)

By order entered June 8, 2015, the court directed Adams to provide sufficient information about defendants (1) and (2), to allow the clerk to reattempt service on them. In response to this order, Adams filed a motion to amend, dropping his claims against (1) and (2), and naming as a defendant "Management And Training Corporation," which he abbreviates as MTC. He alleges

that MTC has a policy or custom of failing to adequately train and supervise the K-9 officers in the appropriate use of their dogs. He also asserts, verbatim:

> [MTC] had the legal "duty . . . for [sic] establishing, enforcing, directing, supervising and controlling policies, customs, practices, usages, and procedures to be used by Correctional Officers" of MTC so that their "edicts and/or acts "might fairly be said to represent the official policy" of MTC that acting within that "duty" MTC had by various acts of omission and commission "foster[ed] and encourage[d] an atmosphere of lawlessness, anarchy, repression and a repetitive policy, custom and practice of aggressive, abuse and assaultive behavior and procedures toward individual arrestees which [on the date of Horne attack on Plaintiff with his DOC dog Omen] represented the policy, practice, custom, usage and procedure" of MTC, and that Horne's attack upon Plaintiff with his DOC dog Omen was "in furtherance of . . . the practice, custom and procedure of MTC.
> 
> Inter alia, MTC previously had knowledge of K-9 handlers repeatedly failing to give a verbal warning prior to the deployment of their DOC dog to maul and disfigure arrestees . . . failed to enforce established procedures to insure the safety of individual arrestees; establish[ed] and enforce[d] quota systems for arrests and citations . . . fail[ed] to discipline . . . Correctional officers . . . who had been found to have failed in giving a verbal warning prior to the deployment of their DOC dog to maul and disfigure arrestees; fail[ed] and refuse[d] to competently investigate allegations of abuse and assault . . . by . . . Correctional Officers . . . cover[ed] up acts of misconduct and abuse of authority by individual correctional officers; . . . reward[ed] and commend[ed] . . . Correctional Officers who displayed aggressive, abuse and assaultive behavior towards . . . arrestees; repeatedly . . . fail[ed] to adequately train and educate correctional officers in the proper use of a DOC dog; repeatedly fail[ed] to adequately supervise the actions of correctional officers.

(Mot. Amend. ¶ 2, ECF No. 15) (internal alterations in original). Adams also seeks to add a claim that Officer Horne negligently failed to give a verbal warning before deploying his dog.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

2

Rather, for each claim in the complaint, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (citation omitted).

The court will grant the motion to amend; dismiss all claims against "Private Prison Manag[e]ment Corporation that operates Wallens Ridge State Prison" and "the Town of Big Stone Gap, VA Warden's Office" without prejudice; add "Management Training Corporation" ("MTC") as a defendant; and add a claim of negligence against Officer Horne. After review of the complaint as amended, however, the court will summarily dismiss the claim against MTC.

First, Adams' new submissions do not provide any address for MTC, as necessary to serve the complaint on this defendant. Therefore, Adams has failed to comply with the court's order of June 8, and the clerk has no way to serve MTC.

Moreover, the court takes judicial notice of the fact that Wallens Ridge is operated by the Virginia Department of Corrections ("VDOC"), and not by any private corporation. Even if Adams intended to name the VDOC as the operator of, and policy maker for, the prison where the dog attack occurred, the VDOC is not subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (finding that neither states nor entities acting as arms of the state are "persons" subject to suit under § 1983).

Most importantly, Adams' amendment states no facts in support of his claim that anyone's failure to train or supervise was a "causative factor in the constitutional injuries" the defendant officers allegedly committed against him; he must present such facts in the complaint to state any claim of supervisory liability under § 1983 against anyone. Slakan v. Porter, 737 F.2d 368, 370 (4th Cir. 1984). In contrast, Adams' amended claim against MTC appears to be a

3

collection of legal and factual conclusions from another case alleging wrongful use of force against suspects during arrest. Such mere assertions of the elements of supervisory liability, with no supporting facts specific to Adams' case, cannot suffice under Iqbal to state any actionable claim under § 1983.

For the stated reasons, the court will grant Adams' motion to amend; dismiss without prejudice the claims against "Private Prison Manag[e]ment Corporation" "the Town of Big Stone Gap, VA Warden's Office"; and summarily dismiss without prejudice Adams' claims that "Management And Training Corporation" or MTC failed to train and supervise Officer Horne. The case will go forward only as to Adams' claims of excessive force against the two defendant officers and his claim of negligence by Officer Horne. An appropriate order will issue herewith. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of June, 2015.

_____
Chief United States District Judge