IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DOMINIQUE HERMAN ADAMS, | ) | CASE NO. 7:15CV00168 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| J. S. HORNE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

This civil rights action filed pursuant to 42 U.S.C. § 1983 comes before the court on a motion for summary judgment by Defendants J. S. Horne and D. A. Rollins, supported by affidavits. Plaintiff Dominique Herman Adams, a Virginia inmate proceeding pro se, has responded with his sworn statement, making the matter ripe for disposition. After review of the parties' submissions, the court concludes that material factual disputes preclude summary judgment, and the matter will be set for trial.

According to Adams, on May 20, 2014, at Wallens Ridge State Prison, Inmate Collins physically attacked Adams in the recreation yard. While Adams was on his hands and knees and trying to lay down on his chest, Defendant Horne urged his canine, Omen, to bite Adams twice without first giving any "verbal K-9 warning," and then threw Adams on the ground. (Pl. Resp. Adams Stmt. ¶¶ 8-9, ECF No. 26.) As Adams lay on his chest on the ground, Rollins sprayed "OC pepper spray" in his eyes, nose, and mouth. (Id. ¶ 9.) As a result of Horne's alleged misconduct, Adams suffered dog bite wounds to his back and his underarm area on both sides of his body, and abrasions to his knees, elbow, and buttocks; his injuries required medical care. Adams contends that Horne and Rollins both used unnecessary and excessive force against him
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 08 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

in violation of the Eighth Amendment and that Horne was negligent in failing to give a verbal K-9 warning before deploying his dog.

Defendants contend that they used only such force as was reasonably necessary in a good faith effort to stop the inmates from fighting and restore order. Defendants' evidence is that Adams and Collins began fighting in the recreation yard on May 20, 2014, and refused to comply with numerous orders to stop, even after officers in the control booth and gun post fired two rounds of "OC spray"[1] at the fighters. (M. Summ. J. Horne Affid. ¶ 4, ECF No. 24.) Horne then moved in with Omen, gave verbal orders to the inmates to stop fighting, and when they did not, ordered Omen to engage, which the dog did. Defendants' evidence is that Adams punched the dog and injured him, scratched Horne's arm, and continued resisting and refusing to comply with orders until after Rollins sprayed OC gas on him.

Finding genuine issues of material fact in dispute as to Adams' claims of excessive force and negligence, and as to key elements of defendants' defenses of qualified and sovereign immunity, the court will deny defendants' motion for summary judgment. See, e.g., Hudson v. McMillian, 503 U.S. 1, 5 (1992) ("the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment"); Buonocore v. Harris, 65 F.3d 347, 359 (4th Cir. 1995) (finding summary judgment not proper when resolution of qualified immunity question and claim itself both depend upon determining what happened); Colby v. Boyden, 400 S.E.2d 184, 189 (1991) (holding that for prima facie case precluding defendant officer's sovereign immunity defense, plaintiff must state facts showing officer's actions constituted gross negligence—the "absence of slight diligence, or the want of even scant care" toward safety of others). Because none of the parties has demanded a trial by jury, the

---

[1] According to defendants' evidence, the term "OC gas" refers to oleoresin capsicum, also known as pepper spray. (M. Summ. J. Rollins Affid. ¶ 5.) This substance is "sometimes used to control disruptive offenders." (Id.)

2

court will refer the matter to the United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) to conduct appropriate court proceedings and render proposed findings of fact, conclusions of law, and recommended disposition of these claims.

Some of Adams' claims for relief must be summarily dismissed, however, as unavailable in this § 1983 action.[2] Private citizens, like Adams, cannot bring a direct criminal action against another person or petition a federal court to compel the criminal prosecution of another person. See Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) (finding "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). In addition, an inmate may not use a § 1983 action to seek restoration of revoked good conduct time based on alleged violations of his constitutional rights during disciplinary proceedings, where success on such a claim would necessarily imply the invalidity of his term of confinement, absent a showing that his disciplinary convictions have been overturned. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997). Adams has made no such showing. For the reasons stated, Adams' claims for injunctive relief, seeking to bring criminal charges against the defendants and to expunge his disciplinary convictions and penalties related to the alleged excessive force incident, will be summarily dismissed without prejudice under § 1915A(b)(1).

The § 1983 case will go forward only as to Adams' claims of excessive force against the two defendant officers and his claim of negligence by Officer Horne. An appropriate order will issue herewith. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 8th day of February, 2016.

/s/ Glen Conrad
Chief United States District Judge

---

[2] The court must dismiss any claim filed by a prisoner against a governmental entity or officer if the action is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).